Entered on Docket
July 28, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: July 28, 2011

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                           Case No. 11-41332 EDJ
                                                Chapter 13
AMIR E. SHENAS AND
AZADEH VAEZIZADEH,

                    Debtors./

DECISION: OBJECTION TO DEBTORS' ELIGIBILITY

    Creditor Green Tree Servicing, LLC, servicer for GMAC Mortgage, LLC ("Green Tree") has filed an amended objection to confirmation of the chapter 13 plan proposed by Amir Shenas and Azadeh Vaezizadeh (the "Debtors") and an amended objection to the Debtors' motion to value its collateral. In each objection, Green Tree argues that the Debtors are ineligible to proceed under chapter 13 of the Bankruptcy Code because they exceed the $360,475 unsecured debt limit of 11 U.S.C. § 109(e).[1] For the reasons hereinafter discussed, the court

---

[1] All future section references, unless otherwise noted, are to Title 11 of the United States Code (the "Bankruptcy Code").

Decision

will issue its order overruling Green Tree's objection.

Green Tree holds a junior lien against the Debtors' primary residence. See Schedule D, doc. no. 16. Subsequent to executing the promissory note with Green Tree, Debtors filed a chapter 7 petition, case no. 09-71668 LJT, and received a discharge on March 16, 2010. On February 7, 2011, Debtors filed the current chapter 13 petition. The chapter 13 plan proposed by the Debtors provides for the avoidance of Green Tree's lien because it is wholly unsecured. Chapter 13 Plan, doc. no. 15; In re Zimmer 313 F. 3d 1220, 1226-27 (9th Cir. 2002).

In Scovis v. Henrichsen, the Ninth Circuit held that eligibility for chapter 13 should be determined by the debtor's originally filed schedules, and that the undersecured portion of a secured debt is to be counted as unsecured debt for purposes of the § 109(e) calculation.[2] Scovis v. Henrichsen, 249 F.3d 975, 982-84 (9th Cir. 2001). Debtors herein scheduled Green Tree's claim as entirely unsecured, based upon the value of their primary residence and the amount of the first priority lien against the residence.[3] See Schedules A and D, doc. no. 16. As Green Tree applies the

---

[2] Section 109(e) provides, in part, "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 . . . may be a debtor under chapter 13 of this title."

[3] Green Tree does not dispute that the amount of the first lien against the Debtor's residence exceeds its value. According to the Debtors' schedules, their residence is valued at $967,500, and Bank of America holds a first priority lien of $1,264,327.41.

Decision 2

<u>Scovis</u> holding, its $392,927 claim should be characterized as unsecured, rendering Debtors ineligible for relief under chapter 13.

The court disagrees. The debtors received a chapter 7 discharge before they filed the current chapter 13 case. That discharge operated to render their debt to Green Tree unenforceable as a personal liability of the Debtors. Section 524(a). Being unenforceable as a personal liability, the debt is not allowable as an unsecured claim in this case. Sections 502(b) and 506(a). It follows that the Debtors do not owe any unsecured debt to Green Tree for purposes of the unsecured debt limitation of § 109(e). <u>Cavaliere v. Sapir</u>, 208 B.R. 784, 787 (D. Conn. 1997) (holding that a secured claim discharged in a prior chapter 7 case, and unenforceable under § 502(b)(1) in the current chapter 13 case, should not be included in the § 109(e) eligibility calculation); <u>In re Osborne</u>, 323 B.R. 489 (Bankr. D. Or. 2005)(holding similarly in the context of a chapter 12 petition).

<u>Quintana v. IRS</u>, 915 F.2d 513 (9th Cir. 1990), is not to the contrary. In that case, the Ninth Circuit held that the entire amount of a creditor's claim must be included in the eligibility determination, despite the creditor's waiver of a deficiency judgment in an upcoming foreclosure action, and the potential for offset by damages alleged by the debtor. <u>Id.</u> at 517. However, <u>Quintana</u> is readily distinguished from the present case because the chapter 7 discharge that rendered the Green Tree claim unenforceable as a personal liability against the Debtors was entirely consummated prior to the filing of the petition herein. See <u>In re Osborne</u>, 323

Decision 3

B.R. at 492.

At the July 21, 2011 hearing, counsel for Green Tree argued that because the Debtors have not yet filed their motion to avoid its lien through their chapter 13 plan, Green Tree held an extant lien on the petition date, and its lien must be included in the § 109(e) calculation under Scovis. The court is not persuaded. Bankruptcy Code § 502(b)(1) provides that a claim shall not be allowed if it is unenforceable "under any agreement or applicable law". The legal bases for avoiding a wholly unsecured lien against real property are well-established. Green Tree does not have an enforceable claim in this case, and did not have one at the petition date. See, e.g., Scovis, 249 F.3d at 983 ("a claim secured only by a lien which is avoidable by a declared exemption is unsecured for § 109(e) eligibility purposes.").

The court holds that the $392,927 claim asserted by Green Tree is not properly included in the unsecured debt calculation for purposes of § 109(e) eligibility because it is not enforceable against the debtors. See Cavaliere v. Sapir, 208 B.R. at 787.

The objection to eligibility raised by Green Tree is therefore OVERRULED. The court will issue its order accordingly.

**END OF DECISION**

Decision 4

COURT SERVICE LIST

Marc Voisenat
Law Offices of Marc Voisenat
1330 Broadway #734
Oakland, CA 94612

Lee S. Raphael
Prober & Raphael, A Law Corporation
P.O. Box 4365
Woodland Hills, CA 91365-4365

Decision                               5