Entered on Docket
July 28, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: July 28, 2011

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

Do Not Publish

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 11-41332 EDJ
                                         Chapter 13
AMIR E. SHENAS and
AZADEH VAEZIZADEH,

                    Debtors./

REPRIMAND OF PROBER AND RAPHAEL

    This court's Order to Show Cause filed June 8, 2011 came on for hearing July 21, 2011. Prober and Raphael, a Law Corporation (hereinafter, the "Prober firm"), appeared through attorney Cassandra J. Richey, Esq. ("Richey").

    On April 18, 2011, the Prober firm, as counsel herein for Green Tree Servicing, LLC ("Green Tree"), filed a paper entitled Opposition to Debtor's Motion to Value Collateral (docket # 31) (hereafter, the "Opposition").

    One of the issues in this bankruptcy case was whether a chapter 13 debtor who is not eligible for a discharge by virtue of

REPRIMAND

Bankruptcy Code § 1328(f)(1),[1] may strip off a wholly unsecured lien under the rationale of In re Zimmer, 313 F.3d 1220 (9th Cir. 2002). As of this writing, the court is not aware of any binding or non-binding appellate authority on the issue. The many cases at the trial court level are divided.

In the Opposition, the Prober firm argued the above issue in the negative, citing only the cases that held that such a debtor may not strip off wholly unsecured liens. The Prober firm, however, elected to ignore all, and failed to appropriately cite any, of the numerous decisions of record available at the time it filed the Opposition holding that a lien strip is available notwithstanding a chapter 13 debtor's ineligibility for a discharge.[2]

The Prober firm does not dispute that it has a duty under Cal. Bus. and Prof. Code § 6068(d) not to mislead a judge as to the law

---

[1] Bankruptcy Code § 1328(f)(1) provides:

(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
(1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter . . .

[2] Such decisions include In re Casey, 2010 WL 1766372 (Bankr. S.D. Cal. 2010); In re Tran, 431 B.R. 230 (Bankr. N.D. Cal. 2010); In re Garcia, 2011 WL 867344 (Bankr. N.D. Cal. 2011); In re Hill, 440 B.R. 176 (Bankr. S.D. Cal. 2010); and In re Grignon, 2010 WL 5067440 (Bankr. D. Ore. 2010).

REPRIMAND 2

or the facts.³ Even so, it argues that it did not intend to mislead the court, especially because the court is "keenly aware of the facts and circumstances of In re Tran, having authored the opinion." Declaration of Joseph Garibyn filed July 7, 2011, paragraph 6. At oral argument at the July 21 hearing, the Prober firm also argued that its associate, Joseph Garibyn ("Garibyn"), who drafted the Opposition, is inexperienced, and acted out of an overabundance of enthusiasm.

The court rejects these arguments for a number of reasons. First, an attorney's ethical duties regarding the contents of papers filed with the court do not vary depending on the particular judge to which a case has been assigned. Moreover, it is unethical for an attorney to attempt to mislead opposing counsel as to the facts or law. See ABA Model Rules of Prof'l Conduct R. 4.1; Hallinan v. State Bar of Cal., 33 Cal. 2d 246, 249 (1948).

Finally, and perhaps most significantly, Garibyn was not the only Prober firm attorney that participated in the filing and argument of the legally and factually misleading Opposition: name partner Lee Raphael ("Raphael") signed it, and attorney Richie argued it. Thus, both Raphael and Richie, as well as Garibyn, were

---

³Cal. Bus. and Prof. Code § 6068(d) reads as follows:
It is the duty of an attorney to do all of the following: . . . (d) To employ, for the purpose of maintaining the causes confided to him or her those means only as are consistent with truth, and never seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law.

REPRIMAND                    3

culpable, and subject to the mandates of Fed. R. Bankr. P. 9011 because it applies to all attorneys that make representations to the court "whether by signing, filing, submitting, or later advocating."[4]

It follows that the Prober firm is, at best, guilty of extreme sloppiness in its presentation to the court, compounded by its effort to place primary blame on a young associate whose misconduct was no more serious than that of his two more-experienced colleagues, Rafael and Richie. At worst, the Prober firm has

---

[4] Fed. R. Bankr. P. 9011(b)(1) - (3) provides:

(b) Representations to the court
By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

REPRIMAND                                4

violated its ethical duties.

In either case, the Prober firm is deserving of a reprimand, and this Memorandum will serve as such.

**END OF ORDER**

REPRIMAND 5

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Lee S. Raphael, Esq.<br>Prober & Raphael |
| 3 | 20750 Ventura Boulevard, Suite 100<br>Woodland Hills, CA 91364 |
| 4 | |
| 5 | Cassandra J. Richey, Esq.<br>Prober & Raphael |
| 6 | 20750 Ventura Boulevard, Suite 100<br>Woodland Hills, CA 91364 |
| 7 | Marc Voisenat, Esq.<br>Law Offices |
| 8 | 1330 Broadway #734<br>Oakland, CA 94612 |
| 9 | |
| 10 | Office of the U.S. Trustee<br>1301 Clay Street, Suite 690-N<br>Oakland, CA 94612 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

REPRIMAND                                6